IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**SAUL ENRIQUE JOSE DE LA CRUZ,**<br>Defendant. | Criminal No. 24-74 (ADC) |

**REPORT AND RECOMMENDATION**
**ON RULE 11(b) CHANGE OF PLEA HEARING**

**I.   Procedural Background**

On February 29, 2024, Defendant Saúl Enrique José De La Cruz was charged by a Grand Jury in a three-count indictment. Defendant agrees to plead guilty to Counts One, Two, and Three of the Indictment.

Count One of the Indictment charges that, on or about February 21, 2024, in the District of Puerto Rico, and elsewhere, Saúl Enrique José De La Cruz and co-defendant, did knowingly export and attempt to export merchandise from the United Sates, specifically juvenile American eels (Anguilla rostrata), contrary to law and regulations of the United States, specifically without declaring said merchandise to officials of the United States Fish and Wildlife Service, in violation of Title 50, Code of Federal Regulations, Section 14.63. All in violation of Title 18, United States Code, Sections 554 and 2.

Count Two of the Indictment, charges that, on or about February 21, 2024, in the District of Puerto Rico, and elsewhere, the defendant, Saúl Enrique José De La Cruz and co-defendant, did knowingly engage in conduct that involves the sale and purchase of, the offer of sale and purchase of, and intent to sell and purchase fish, that is, juvenile American eel (Anguila rostrata), with a market value in excess of $350, and did knowingly transport, sell, and attempt to transport and sell said fish, knowing that the fish had been transported in violation of a law and regulation of the

United States, that is, 50 CFR § 14.63. All in violation of Title 16, United States Code, Sections 3372(a)(1), 3372(a)(4), and 3373(d)(1)(B), and Title 18, United States Code, Section 2.

Count Three of the Indictment, charges that, on or about February 21, 2024, upon the high seas and elsewhere, within the District of Puerto Rico being the District to which defendant was first brought, while aboard a vessel subject to the jurisdiction of the United States, the defendant, Saúl Enrique José De La Cruz and co-defendant, being masters, operators, and persons in charge of the vessel, did themselves and through the actions of one another, knowingly fail to obey an order by authorized Federal law enforcement officers to heave to the vessel. All in violation of Title 18, United Sates Code, Sections 2237(a)(1) and 2.

On July 8, 2024, Defendant moved for a change of plea. Docket No. 26. On August 12, 2024, Defendant appeared before this Court for a change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. See United States v. Woodward, 387 F. 3d. 1329 (11th Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 change of plea hearing). Defendant was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful because he could otherwise be charged with perjury.

II. **Consent to Proceed Before a Magistrate Judge**

Defendant was advised of his right to hold all proceedings, including this change of plea hearing, before a district court judge. An explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge was provided. Defendant was informed that, if he elects to proceed before a magistrate judge, the magistrate judge would conduct the hearing and prepare a report and recommendation, subject to the review and approval of the district judge.

Defendant was provided with a *Waiver of Right to Trial by Jury*, which he signed prior to the hearing. Defendant validated his signature and informed that his attorney had translated the document to Spanish and explained the document before signing the same. The Court found that Defendant voluntarily consented to proceed before a magistrate judge and approved Defendant's consent.

### III. Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernández Wilson, 186 F. 3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea'". United States v. Cotal-Crespo, 47 F. 3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U. S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.

#### A.  Competence to Enter a Guilty Plea

The Court questioned Defendant about his age, education, history of any treatment for mental illness or addiction, use of any medication, drugs or alcohol, and his understanding of the purpose of the hearing, to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The Court confirmed that Defendant received the Indictment and fully discussed the charges with his attorney, and that he was satisfied with the advice and representation he received. The Court further inquired whether Defendant's counsel or counsel for the Government had any reservations as to Defendant's competency to plead, receiving answers that Defendant was competent to enter a plea. After considering Defendant's responses, and observing his demeanor, the Court found that Defendant was competent to plead and fully aware of the purpose of the hearing.

#### B.  Voluntariness

Upon questioning, Defendant confirmed that no one made promises or assurances of any kind in exchange for his guilty plea. Defendant indicated that he was not being induced to plead guilty, that he was entering such plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered a thing of value in exchange for his plea. Defendant understood that the offenses to which he is pleading guilty are felonies and that, if the plea is accepted, he will be adjudged guilty of those offenses, and that such adjudication may deprive him of valuable civil rights, such as the right to vote in a federal election, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

USA v. Jose-De La Cruz
Cr. No. 24-074 (ADC)
**Report and Recommendation on Guilty Plea**

Throughout the hearing, Defendant was free to consult with his attorney or to seek clarification from the Court. He confirmed that his decision to plead guilty was made knowingly and voluntarily.

### C.    Maximum Penalties

Defendant expressed his understanding of the statutory maximum penalties for the offenses to which he was pleading guilty. Count One of the Indictment carries a term of imprisonment of not more than ten (10) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), and a term of supervised release of not more than three (3) years. Count Two of the Indictment carries a term of imprisonment of not more than five (5) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), and a term of supervised release of not more than three (3) years. Count Three of the Indictment carries a term of imprisonment of not more than five (5) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), and a term of supervised release of not more than three (3) years. In addition, a Special Monetary Assessment of one hundred dollars ($100.00) per count of conviction would be imposed, to be deposited to the Criminal Victims Fund, pursuant to Title 18, United States Code, Section 3013(a). Defendant indicated that he understood the maximum penalties applicable to Counts One, Two, and Three of the Indictment, that the offenses charged are felonies, and the potential consequences of the guilty plea, such as the deprivation of certain valuable rights.

The Court then explained the nature of supervised release and the consequences of violating the conditions of supervised release. Specifically, Defendant was informed that, if supervised release is revoked, he may be required to serve an additional term of imprisonment up to the full term of supervised release originally imposed by the Court. And that, if he is currently on supervised release in a different case than the one object of the Indictment, his plea of guilty, if accepted, could result in negative consequences, such as the revocation of his supervised release in that other case. Defendant was also informed that any sentence imposed in this case could be imposed to run concurrently or consecutively to any sentences he may be currently serving in another case. The Court further advised Defendant that in certain cases the Court may also order, or be required to order, that Defendant pay restitution to any victim of the offense, and the Court may also require him to forfeit certain property to the Government.

USA v. Jose-De La Cruz
Cr. No. 24-074 (ADC)
Report and Recommendation on Guilty Plea

### D. Sentencing Procedure

Defendant was informed that, in determining his sentence, the District Judge is required to consider, but not necessarily follow, the Sentencing Guidelines. Defendant confirmed that he discussed with his attorney how the Sentencing Guidelines might apply to this case. Defendant was specifically informed that the Court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate expected by him or provided by his attorney, and that the Court had the authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. Defendant was advised, and informed to have understood, that the Sentencing Guidelines are thus considered advisory, and that during sentencing the District Court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a), which include the seriousness of the offense, the need for deterrence of criminal conduct, the need to protect the public from further crimes, the need to provide Defendant with educational or vocational training, or medical care, and the need to provide restitution to any victims.

Defendant was advised that parole has been abolished and that, if he is sentenced to prison, he will not be released on parole. Further, Defendant was advised of his right to appeal and that, under some circumstances, he or the Government may have the right to appeal the sentence imposed by the Court. But that, by pleading guilty, he is limiting his right to appeal to situations in which his guilty plea is unlawful or involuntary, or if there is a fundamental defect in the proceedings that was not waived by his plea of guilt, and to a statutory right to appeal a sentence if it is contrary to law. Defendant informed that he understood his right to appeal and the consequences of pleading guilty.

### E. Waiver of Constitutional Rights

Defendant was specifically advised that he has the right to persist in a plea of not guilty and that, if he does, he has the right to a speedy trial by jury, or trial before a judge sitting without a jury if the Court and the Government so agree; that at trial he would be presumed innocent and the Government would have to prove his guilt beyond a reasonable doubt; that he would have the right to the assistance of counsel for his defense, and that, if he could not afford one, an attorney would be appointed to represent his throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine all witnesses, the right to issue subpoenas or to compel

5

the attendance of witnesses to testify at trial, and the right to testify or to remain silent. Defendant was further advised that if he decided not to testify or put on evidence at trial, the failure to do so could not be used against him, and that at trial the jury would have to return a unanimous verdict before he could be found guilty or not guilty.

Defendant specifically acknowledged understanding these rights. He reaffirmed his understanding that by entering a plea of guilty there would be no trial and he would be waiving or giving up the rights that the Court explained.

### F.     Offenses Charged and Factual Basis for the Guilty Plea

Defendant was read in open court Counts One, Two, and Three of the Indictment. The Court provided the Defendant with an explanation of technical terms used in the Indictment to describe the charges. Defendant expressed to have understood. The Court also provided the Defendant with the elements of each of the offenses and explained what the Government would have to prove beyond a reasonable doubt if he were to go to trial as to Counts One, Two, and Three of the Indictment. Defendant expressed to have understood. The Government explained the factual basis for the offenses and the evidence it would present if this case were to proceed to trial. Defendant did not admit to the facts but admitted to each of the elements of the offenses in Counts One, Two, and Three of the Indictment. Defendant admitted that he was pleading guilty because he is in fact guilty. Defendant pled guilty as to Counts One, Two, and Three of the Indictment.

### IV.    Conclusion

Defendant appeared before me, by consent, pursuant to Rule 11 of the Federal Rules of Criminal Procedures and entered a plea of guilty as to Counts One, Two, and Three of the Indictment.

After cautioning and examining the Defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, the Court finds that the defendant, **Saúl Enrique José De La Cruz**, is fully competent and capable of entering this guilty plea, is aware of the nature of the charges and the maximum statutory penalties these carry, has admitted to the elements of the offenses, and has done so in an intelligent and voluntary manner with knowledge of the consequences of his guilty plea.

I recommend that the Court accept the guilty plea and that Defendant be adjudged guilty as to Counts One, Two and Three of the Indictment.

USA v. Jose-De La Cruz
Cr. No. 24-074 (ADC)
**Report and Recommendation on Guilty Plea**

**IT IS SO RECOMMENDED.**

This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed within fourteen (14) days of its receipt. Failure to file timely and specific objections to the Report and Recommendation is a waiver of the right to review by the District Judge. <u>United States v. Valencia-Copete</u>, 792 F. 2d 4 (1st Cir. 1986).

**A sentencing hearing will be scheduled by the presiding judge, Hon. Aida M. Delgado-Colón.**

In San Juan, Puerto Rico, this 13th day of August 2024.

<u>s/Giselle López-Soler</u>
GISELLE LÓPEZ-SOLER
United States Magistrate Judge